**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10473 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00516-HSG-1 |
| v. | |
| ANDRE MARTEL WINN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted April 17, 2020**
San Francisco, California

Before:  BERZON and IKUTA, Circuit Judges, and LEMELLE,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The case has been submitted on the briefs as of April 17, 2020, pursuant to FRAP 34(a).

\*\*\*       The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Andre Winn appeals the district court's denial of his motion to suppress and his conviction for possessing a firearm as a felon under 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in upholding the federal search of Winn's cell phone pursuant to a search warrant based on evidence that guns purchased by a suspected Nevada gun dealer had been found in Winn's residence. Winn argues that the federal search warrant was invalid both because it was based on evidence obtained by means of an invalid search of his apartment and because the federal officers relied on the prior invalid download of information from Winn's phone by the San Leandro Police Department (SLPD). We disagree.

First, the SLPD's initial search of Winn's apartment was conducted pursuant to a valid search warrant based on probable cause that evidence relating to a shooting for which James Williams was the primary suspect would be found in Winn's apartment. *See United States v. Crews*, 502 F.3d 1130, 1136–37 (9th Cir. 2007). The affidavit presented to the magistrate judge established probable cause that Williams was temporarily residing in the apartment; it recited information from continuous GPS tracking of Williams's cell phone that put him in the vicinity of Winn's apartment several days after the shooting and stated that police officers conducting surveillance of Williams observed him entering, exiting, and reentering

2

the apartment, securing the door, and exiting the apartment the following morning. Given these observations, it was reasonable for the officers to infer that Williams was temporarily residing at the apartment, which distinguishes this case from the precedent on which Winn relies, where there was either no apparent connection between the suspect and the searched premises, or the suspect engaged in only casual daytime visits to the premises. *See United States v. Grandberry*, 730 F.3d 968, 976–78 (9th Cir. 2013); *Greenstreet v. Cty. Of San Bernardino*, 41 F.3d 1306, 1309–10 (9th Cir. 1994); *United States v. Bailey*, 458 F.2d 408, 412 (9th Cir. 1972).

The dissent's reliance on *Bailey* is misplaced. *Bailey* addressed an affidavit disclosing that the defendant "had been seen at the house and that [a co-defendant] was arrested there" six weeks after the crime for which evidence was sought. 458 F.2d at 412. The affidavit included "[n]o facts . . . from which it could be inferred" that the defendant was more than a casual social guest. *Id.* Here, police officers' observations led to the reasonable inference that Williams was an overnight guest mere days after the alleged shooting, which established a significantly stronger connection between the crime for which Williams was a suspect and Winn's apartment.

Our precedent does not require showing that a suspect permanently lives in a home to establish probable cause that evidence of a crime will be found in that home. *See Crews*, 502 F.3d at 1136–37; *cf. Grandberry*, 730 F.3d at 973 (holding that a warrantless search of a house was not permitted under the parolee's parole search conditions, which expressly applied only to the parolee's permanent residence). Based on the police officers' training and experience, Williams's use of the premises less than a week after the shooting established probable cause that evidence related to the shooting incident would be found at the premises. *See United States v. Garay*, 938 F.3d 1108, 1113 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 976 (2020); *Crews*, 502 F.3d at 1136–37.

Moreover, the warrant did not lack sufficient particularity given that it sufficiently described the items to be seized, including cell phones, and there was probable cause that the cell phones would contain evidence relating to the shooting incident. *See Garay*, 938 F.3d at 1113.

The affidavit's omission of information that the apartment belonged to Winn, and that Williams was Winn's cousin, did not violate *Franks v. Delaware*, 438 U.S. 154 (1978). Williams's status as an overnight guest in the apartment rather than the apartment's primary resident was not material to the magistrate judge's probable cause finding. *See id.* at 155–56. Moreover, the district court's

4

determination that the police were not deliberately or recklessly misleading in omitting this information was not clearly erroneous. Therefore, the district court did not err in declining to hold a hearing as to whether the search warrant was supported by probable cause if the omitted evidence had been included.

Second, the seizure of Winn's cell phone from his person during the SLPD officers' initial search does not require exclusion of evidence obtained from the cell phone pursuant to the federal officers' warrant. The SLPD would have inevitably seized Winn's cell phone, *see Nix v. Williams*, 467 U.S. 431, 444 (1984), because after discovering four firearms, multiple high-capacity firearm magazines, several rounds of various types of ammunition, and several baggies of cocaine in his apartment, the police would have arrested Winn and searched him incident to arrest, *see United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006). And the SLPD would have been entitled to secure the phone "to prevent destruction of evidence while seeking a warrant." *Riley v. California*, 573 U.S. 373, 388 (2014).

Although the SLPD subsequently downloaded information from Winn's phone without a warrant, even assuming this search was unlawful, the federal officers' affidavit contained no "tainted evidence" derived from that search. *United States v. Nora*, 765 F.3d 1049, 1058 (9th Cir. 2014). And the record supports the district court's finding that the federal officers would have sought the

warrant regardless of the SLPD's search based on the gun evidence. *See Murray v. United States*, 487 U.S. 533, 542 & n.3 (1988). Therefore, the federal warrant was a "genuinely independent source" of the evidence from Winn's cell phone. *Id.* at 542. We conclude that the district court did not err in denying Winn's motion to suppress.

We also reject Winn's argument that there was insufficient evidence supporting his conviction under 18 U.S.C. § 922(g) because the government did not present evidence that Winn knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year at the time he possessed the firearm. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Any error in not adducing evidence on this element of the offense "did not affect [Winn]'s substantial rights" because Winn's stipulation to his prior convictions "proved beyond a reasonable doubt that [he] had the knowledge required by *Rehaif*." *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019).

**AFFIRMED.**

*United States v. Winn*, No. 18-10473

BERZON, Circuit Judge, dissenting:

I respectfully dissent. Contrary to the majority's holding, the warrant authorizing the SLPD's initial search of Winn's apartment was not supported by probable cause.

The affidavit underlying the warrant alleged that (1) GPS monitoring located Williams's cell phone in the vicinity of the apartment, without saying how many times that occurred, and (2) SLPD detectives observed Williams at the apartment twice, once around 9:00 p.m. and once the following morning, without saying the detectives had continued their surveillance overnight. Although the affidavit mentioned that Williams came out of the apartment, looked around, and went back in, that detail adds nothing to support the supposition that he lived there. Under our precedent, the information contained in the warrant affidavit was insufficient to establish that Williams had a sufficient connection to the apartment to provide probable cause for a broad search of the home to find items connected to Williams's recent crime.

In *United States v. Bailey*, 458 F.2d 408 (9th Cir. 1972), for example, two suspects in a bank robbery were seen separately at the same house on at

1

least four occasions in the weeks following the robbery. We held that probable cause to search the house for items connected to the robbery was lacking, because there was insufficient evidence to permit an inference that the suspects were "other than casual social guests" there. *Id.* at 412. The nexus between Williams and Winn's apartment was weaker, or at least no stronger, than the nexus in *Bailey*.

Moreover, the reasons given in the affidavit for expecting to find evidence of Williams's crime in Winn's apartment were tied repeatedly to the affidavit's assertions that the apartment was Williams's "residence," and that gang members often keep evidence of gang-related crimes in their residence. In parolee search cases, we have required much more evidence than was given here to establish that a dwelling place is a parolee's residence. "Even when there is evidence that the parolee has 'spent the night there occasionally,' we have concluded that such evidence is 'insufficient' to establish residence." *United States v. Grandberry*, 730 F.3d 968, 978 (9th Cir. 2013) (quoting *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006)).

The SLPD's unlawful search of Winn's apartment tainted the federal agents' later search of Winn's cell phone and apartment. Absent that

2

original search, the state officers would not have had Winn's cell phone and been able to hand it over to the federal agents. And the good-faith exception does not apply because the federal government has not established that the SLPD officers conducted the initial search in good faith. *See United States v. Artis*, 919 F.3d 1123, 1133 (9th Cir. 2019). The SLPD officers were less than forthcoming in informing the magistrate judge that the basis for their belief that Williams resided in the apartment to be searched was tenuous, and the affidavit's shortcomings in establishing a connection between Williams and the apartment were readily apparent. *See Greenstreet v. Cty. of San Bernardino*, 41 F.3d 1306, 1310 (9th Cir. 1994).

As I would hold that the district court should have granted Winn's motion to suppress the evidence from the federal searches, I would reverse the conviction, and so dissent.